# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EB HOLDINGS II, et al.,

    Plaintiff(s),

v.

ILLINOIS NATIONAL INSURANCE COMPANY, et al.,

    Defendant(s).

Case No. 2:20-cv-02248-JCM-NJK

**Order**

[Docket No. 94]

    Pending before the Court is Defendant Illinois National's motion to compel. Docket No. 94. Plaintiffs filed a response in opposition. Docket No. 100. The Court does not require a reply or a hearing. *See* Local Rule 78-1.

    "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

    Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v.*

*Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.  To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1]  Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

The motion indicates that a meet-and-confer was conducted through written correspondence that culminated in a telephonic conference on September 14, 2021.  *See* Docket No. 94 at 2-3; *see also* Docket No. 94 at ¶¶ 14-18.  Plaintiff's response highlights developments after that conference, however, including supplemental discovery responses and a detailed letter offering further conferral efforts from October 2021 that went unanswered.  *See* Docket No. 100 at 6-8; *see also* Docket No. 100-2 at ¶¶ 10-18; Docket No. 100-3.  The Court agrees with Plaintiff that sufficient meet-and-confer efforts were not shown in the motion.  The conferral efforts through the September telephone conference do not amount to a completion of the process and did not account for subsequent developments. *Cf. Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 355 n.7 (D. Nev. 2019) ("additional in-person or telephonic conferences are generally required when the circumstances of a discovery dispute have evolved").

Accordingly, Defendant's motion to compel is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: January 6, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] These requirements are now largely codified in the Court's local rules.  *See* Local Rule 26-7(c), Local Rule IA 1-3(f).