# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EB HOLDINGS II, INC., et al.,<br>  Plaintiff(s),<br>v.<br>ILLINOIS NATIONAL INSURANCE COMPANY, et al.,<br>  Defendant(s). | Case No. 2:20-cv-02248-JCM-NJK<br>**Order**<br>[Docket Nos. 115, 127] |

Pending before the Court is Plaintiff EB Holdings II's motion to compel. Docket No. 115. Illinois National filed a response in opposition. Docket No. 123. EB Holdings II filed a reply. Docket No. 124. EB Holdings II filed a motion to supplement. Docket No. 127. Illinois National filed a notice of agreement to produce. Docket No. 129. For the reasons discussed more fully below, (1) the motion to compel (Docket No. 115) is **GRANTED** as to the requests for production, (2) the motion to compel (Docket No. 115) is **DENIED** without prejudice as to the interrogatories, and (3) the motion to supplement (Docket No. 127) is **DENIED** as moot.

## I.   STANDARDS[1]

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The party

---

[1] As the parties are familiar with the background of the case and of the pending disputes, the Court will not provide a background here.

seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

## II. REQUESTS FOR PRODUCTION

The motion to compel addresses the parties' disputes with respect to two requests for production. With respect to the requests for production in dispute, one of them seeks production of certain underwriting files (Request for Production 53) and the other seeks production of certain Rater Worksheets (Request for Production 54). Illinois National has now agreed to produce responsive documents. Docket No. 129; *see also* Docket No. 132. As such, the Court will grant the motion to compel in that Illinois National must produce the identified documents by March 25, 2022.

## III. INTERROGATORIES

The motion to compel addresses the parties' disputes with respect to three interrogatories. Absent stipulation or Court order, parties are limited to 25 interrogatories (including subparts). Fed. R. Civ. P. 33(a)(1). Illinois National objected to these interrogatories on the ground that they exceeded the numerical limit and, as a result, declined to provide responses. Docket No. 115-8 at 5-6. In opposing the motion to compel, Illinois National also provides extensive analysis supporting its position that these interrogatories exceed the numerical limit. Docket No. 123 at 9-14. EB Holdings II does not meaningfully respond to that argument. *See* Docket No. 124 at 8 (rather than refuting Illinois National's analysis on this issue, instead arguing that the number of interrogatories already served "misses the point"). Particularly given that Illinois National's showing is unrebutted, the Court finds that the three interrogatories now in dispute are beyond the numerical limit.[2]

Illinois National argues that the excessive nature of its interrogatories is not a barrier to relief because the Court should grant it retroactive leave to serve additional interrogatories. *See* Docket No. 124 at 8. Although the parties dance around the pertinent issues here, *see, e.g.*, Docket

---

[2] The Court's written discussion will be somewhat truncated given the request that the ruling be issued in expedited fashion. *See, e.g.*, Docket No. 118. Any argument not expressly addressed herein has been rejected to the extent it is inconsistent with the outcome of the ruling made in this order. *See, e.g.*, *V5 Technologies*, 334 F.R.D. at 314 n.12.

2

No. 123 at 14 (arguing without legal citation that the circumstances do not justify granting EB Holdings II's late request for additional interrogatories), they have not presented sufficient argument on this issue.³  In particular, it would appear that the proper procedure for additional interrogatories is to obtain leave from the Court *before serving* those interrogatories.  *See, e.g.*, Fed. R. Civ. P. 33(a)(1) (the leave sought of the Court is to "serve additional interrogatories," as opposed to approving already served interrogatories); *Walker v. Lakewood Condominium Owners Assn.*, 186 F.R.D. 584, 588 (C.D. Cal. 1999) (the party seeking additional interrogatories "was expressly required to seek leave of Court before serving these interrogatories pursuant to Rule 33(a)").  Indeed, this is made clear in Illinois National's motion to compel itself.  Docket No. 115 at 21 (quoting the committee notes as stating that the reason for the limit is "to provide judicial scrutiny *before parties make potentially excessive use of this discovery device*" (emphasis added)).  Although it appears that the Court may have discretion to make such a ruling as to already-served interrogatories in the circumstances of a particular case, *see, e.g.*, *Taylor v. Shaw*, 2006 WL 8441570, at *2 (D. Nev. Aug. 7, 2006), EB Holdings II has not sufficiently explained why the Court should exercise its discretion to do so in this case.⁴  As such, EB Holdings II has not met its burden of showing that additional interrogatories should be allowed.  *See, e.g.*, *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999) (burden is on the party seeking additional interrogatories to make a "particularized showing" why they are warranted).

Accordingly, the Court will deny this aspect of the motion to compel without prejudice.  To the extent EB Holdings II believes sufficient grounds exist for the additional interrogatories sought, any renewed motion must provide meaningful discussion as to the timing requirements for the request being made and whether circumstances suffice to deviate from any such timing requirements.  Any renewed motion must be filed by March 18, 2022.

---

³ As the Court's discussion on this timing issue is being made without sufficient argument from the parties, this order is made in tentative fashion as a means to guide the necessary discussion in any future motion practice that may be filed.

⁴ Illinois National points to circumstances that may impact whether the Court would exercise that discretion here.  *See* Docket No. 123 at 9, 14-15.

## IV. CONCLUSION

For the reasons discussed more fully above, (1) the motion to compel (Docket No. 115) is **GRANTED** as to the requests for production, (2) the motion to compel (Docket No. 115) is **DENIED** without prejudice as to the interrogatories, and (3) the motion to supplement (Docket No. 127) is **DENIED** as moot.

IT IS SO ORDERED.

Dated: March 14, 2022

_____
Nancy J. Koppe
United States Magistrate Judge