UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EB HOLDINGS II, INC., et al., <br>     Plaintiff(s), <br> v. <br> ILLINOIS NATIONAL INSURANCE COMPANY, et al., <br>     Defendant(s). | Case No. 2:20-cv-02248-JCM-NJK <br><br> **Order** <br><br> [Docket Nos. 181, 187, 197] |

Pending before the Court is Defendant Illinois National's motion to seal. Docket No. 181. Plaintiff EB Holdings II filed a response. Docket No. 183. Also pending before the Court is Plaintiff EB Holdings II's motion to seal. Docket No. 187. Defendant Illinois National filed a response. Docket No. 198. Also pending before the Court is Defendant Illinois National's motion to seal. Docket No. 197. Plaintiffs EB Holdings II and QXH II filed a response. Docket No. 200. For the reasons discussed more fully below, the Court **DEFERS** ruling on the motions to seal and **ORDERS** the parties to file a joint supplement as identified below.

I.    STANDARDS

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a dispositive matter may not be sealed absent a specific showing of compelling reasons. *Id.* at 1179-80.

Any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving

meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

## II.     MOTION TO SEAL AT DOCKET NO. 181

This motion to seal relates to a one-page financial summary.  Docket No. 182.  The motion is predicated on the declaration of counsel that such information has been kept confidential and that its public disclosure may cause competitive harm to Plaintiff.  Docket No. 181-1.  It is not clear that outside counsel (as opposed to a corporate representative) has personal knowledge as to the declared facts.  *See Knaggs v. Yahoo! Inc.*, 2016 WL 3916350, at *5 (N.D. Cal. July 20, 2016) (courts may refuse to consider declarations that lack sufficient foundational information such as the requisite personal knowledge).  Moreover, although it appears redaction may not be feasible with respect to this document, no argument has been presented on that issue.

## III.    MOTION TO SEAL AT DOCKET NO. 187

This sealing request relates to eight exhibits, two of which were designated as confidential by Plaintiff and six of which were designated as confidential by Defendant.

With respect to Exhibit LLL (Docket No. 188-5) and Exhibit MMM (Docket No. 188-6), Plaintiff's counsel attests that the exhibits are expert reports that contain sensitive information. Docket No. 187-1.  With respect to Exhibit FF (Docket No. 188-2) and Exhibit GG (Docket No. 188-3), Defendant's counsel attests that these documents contain sensitive business information. Docket No. 198-1.  It is not clear that the declarations submitted are based on personal knowledge and no showing has been made that redaction is not feasible.

With respect to Exhibit AA (Docket No. 188-1), Exhibit III (Docket No. 188-4), Exhibit RRR (Docket No. 188-7), and Exhibit SSS (Docket No. 188-8), Defendant designated those documents as confidential.  *See* Docket No. 187 at 2.  As such, Defendant was required to do one of two things upon their filing in this case:  (1) provide a basis for their sealing or (2) file a notice

of withdrawal of the confidentiality designation and consent to unsealing. Docket No. 59 at 2.[1] Defendant does not appear to have done either for these documents.

### IV. MOTION TO SEAL AT DOCKET NO. 197

This motion to seal relates to a rater worksheet. Docket No. 189-12. Defendant's counsel attests that such information has been kept confidential and that its public disclosure may cause competitive harm. Docket No. 197-1. It is not clear that the declaration submitted is based on personal knowledge and no showing has been made that redaction is not feasible.

### V. CONCLUSION

For the reasons discussed more fully above, the Court **DEFERS** ruling on the motions to seal. The parties must file a joint supplement by August 8, 2022. With respect to any exhibits for which sealing is no longer sought, the joint supplement must include an unambiguous statement that the parties consent to unsealing. With respect to any exhibits for which sealing continues to be sought, the joint supplement must include the factual or legal showing addressing the issues raised above.

IT IS SO ORDERED.

Dated: August 1, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court retains the discretion to unseal documents for which no showing has been made that sealing is warranted, *see id.*, but the Court's preference is to have a clear indication from the parties that the information at issue does not actually warrant sealing prior to revealing that information to the public.