# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EB HOLDINGS II, INC., et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>ILLINOIS NATIONAL INSURANCE COMPANY, et al.,<br><br>    Defendant(s). | Case No. 2:20-cv-02248-JCM-NJK<br><br>**Order**<br><br>[Docket Nos. 181, 187, 197] |

Pending before the Court is Defendant Illinois National's motion to seal. Docket No. 181. Plaintiff EB Holdings II filed a response. Docket No. 183. Also pending before the Court is Plaintiff EB Holdings II's motion to seal. Docket No. 187. Defendant Illinois National filed a response. Docket No. 198. Also pending before the Court is Defendant Illinois National's motion to seal. Docket No. 197. Plaintiffs EB Holdings II and QXH II filed a response. Docket No. 200. Pursuant to the Court's order, Docket No. 209, the parties filed a joint supplement to these motions, Docket No. 210. The Court does not require a hearing on the motions. *See* Local Rule 78-1.

**I.     STANDARDS**

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a dispositive matter may not be sealed absent a specific showing of compelling reasons. *Id.* at 1179-80. A request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir.

1

2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

## II. MOTION TO SEAL AT DOCKET NO. 181

This motion to seal relates to a one-page financial summary. Docket No. 182. A declaration has been filed that the subject information is commercially sensitive and that its public disclosure would be competitively harmful. Docket No. 210-2 at ¶¶ 4-7. Moreover, it does not appear that redaction is feasible. Accordingly, the motion to seal is **GRANTED**.

## III. MOTION TO SEAL AT DOCKET NO. 187

This motion to seal relates to eight exhibits, two of which were designated as confidential by Plaintiff and six of which were designated as confidential by Defendant.

With respect to Exhibit LLL (Docket No. 188-5) and Exhibit MMM (Docket No. 188-6), a declaration has been filed that the subject information is commercially sensitive and that its public disclosure would be competitively harmful. Docket No. 210-2 at ¶¶ 10-12. Moreover, redacted versions of those documents have been filed on the public docket. *See* Docket Nos. 210-3, 210-4. Accordingly, the motion to seal is **GRANTED** with respect to these two documents.

With respect to Exhibit FF (Docket No. 188-2) and Exhibit GG (Docket No. 188-3), the parties have no objection to their public disclosure, Docket No. 210 at 3-4.[1] Accordingly, the motion to seal is **DENIED** with respect to these two documents.

---

[1] Illinois National previously argued that these "documents are *extremely sensitive* because they would provide Illinois National's competitors with insights as to Illinois National's confidential and proprietary evaluation of insurance risks, including the factors that it considered in evaluating whether or not to issue an insurance policy to a potential insured and pricing considerations." Docket No. 198 at 2-3 (emphasis added). Defense counsel filed a declaration in support of the assertion, attesting that public disclosure would reveal confidential strategy "to the competitive detriment of Illinois National." Docket No. 198-1 at ¶¶ 4-5; *see also* Docket No. 197-1 at ¶¶ 4-5 (same for Exhibit HH subject to motion to seal at Docket No. 197). Such reasoning is completely omitted from the most recent filing, which attests that Defendant previously sought to seal these documents "[a]s a matter of course" to protect the information of its insureds. Docket No. 210 at 3-4. The most recent revelation gives the Court pause. The applicable standard is assuredly not met by simply seeking to seal documents as a matter of course. Even more troubling, it is not clear that there was any factual basis for the competitive harm to which counsel previously attested. While the Court appreciates the reevaluation of the representations made, counsel would be well advised moving forward to more carefully examine his statements before making them under penalty of perjury in a declaration.

With respect to Exhibit AA (Docket No. 188-1), Exhibit III (Docket No. 188-4), Exhibit RRR (Docket No. 188-7), and Exhibit SSS (Docket No. 188-8), the parties agree that the subject information does not warrant sealing, Docket No. 210 at 3.  Accordingly, the motion to seal is **DENIED** with respect to these four documents.

### IV.  MOTION TO SEAL AT DOCKET NO. 197

This motion to seal relates to a rater worksheet.  Docket No. 189-12 (Exhibit HH).  The parties have no objection to its public disclosure.  Docket No. 210 at 3-4.  Accordingly, the motion to seal is **DENIED**.

### V.  CONCLUSION

For the reasons discussed more fully above, the Court **ORDERS** as follows:

- The motion to seal at Docket No. 181 is **GRANTED**.  The Clerk's Office is **INSTRUCTED** to keep the document at Docket No. 182 sealed.
- The motion to seal at Docket No. 187 is **GRANTED** in part and **DENIED** in part.  The Clerk's Office is **INSTRUCTED** to keep the documents at Docket No. 188-5 and Docket No. 188-6 sealed.  The Clerk's Office is **INSTRUCTED** to unseal the documents at Docket No. 188-1, Docket No. 188-2, Docket No. 188-3, Docket No. 188-4, Docket No. 188-7, and Docket No. 188-8.
- The motion to seal at Docket No. 197 is **DENIED**.[2]

IT IS SO ORDERED.

Dated: August 9, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The subject document was already filed on the public docket, Docket No. 189-12, so there is no need to unseal it.