UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EB Holdings II, Inc., and QXH II, Inc., | Case No. 2:20-cv-02248-JAD-NJK |
| Plaintiffs  v. | **Order Regarding Case Scheduling on Remand** |
| Illinois National Insurance Company, et al., | ECF Nos. 237, 237, 239 |
| Defendants | |

Nearly two years ago, United States District Judge James C. Mahan granted summary judgment in this insurance-coverage suit in favor of the insurers based on the affirmative defense of material misrepresentation.[1]  On appeal, the Ninth Circuit panel reversed, finding that Texas law—not Nevada law—should have been applied and that its application leaves genuine issues of fact that preclude summary judgment on that defense.  Although the insurers offered alternative grounds for "why the panel should affirm the district court's grant of summary judgment," the panel "decline[d] to reach these arguments in the first instance" and remanded "to the district court so it may evaluate in the first instance" these "other issues."[2]

---

[1] ECF No. 212.
[2] ECF No. 232 at 24.

1

Since that remand last summer, little has happened. Fearing that they might lose a key witness before this case has a chance to get to trial, the plaintiffs filed a motion asking for an expedited trial setting.[3] The insurers oppose the request, pointing out that the issues that the Ninth Circuit panel sent back to this court are still unresolved, and setting this case for trial would put the cart before the horse.[4] Then last week, Judge Mahan recused himself from this case and it was reassigned to me.[5]

The plaintiffs' motion for a scheduling order and to expedite trial was filed under seal[6] because it contains sensitive medical information about key fact witness and QXH principal Howard Meyers.[7] A redacted version of that motion was filed publicly.[8] Plaintiffs ask this court to maintain the seal on the full version of the filing.[9] Unless a particular court record is one "traditionally kept secret," there is a "strong presumption in favor of access" to the record.[10] Parties seeking to seal a judicial record must overcome this presumption by "articulat[ing] compelling reasons supported by specific factual findings," that outweigh the traditional right of public access to each document they seek

---

[3] ECF Nos. 238, 239.
[4] ECF No. 244.
[5] ECF Nos. 257, 258.
[6] ECF No. 238.
[7] ECF No. 237.
[8] ECF No. 239.
[9] ECF No. 237.
[10] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

to seal.[11]  In general, compelling reasons for sealing exist when court records might become a vehicle for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."[12]  I find that the personal nature of the information that the plaintiffs have redacted from the publicly filed version of the motion provides a compelling reason to seal the full version, so I grant the motion to seal it.

I deny the portion of the plaintiffs' motion seeking to expedite trial because I find that a trial setting would be premature in light of the posture of this case.  The Ninth Circuit panel remanded this case with instructions for the district court to evaluate in the first instance the alternative grounds that the insurers offered for affirming the grant of summary judgment.[13]  That remains to be done.

But the insurers are wrong that there are "pending" motions for summary judgment that tee those issues up.[14]  There are no pending dispositive motions because the ones that Judge Mahan decided didn't get automatically reanimated on remand.  And with many of the issues from those old motions having been addressed by the panel, it would be judicially inefficient for this court to attempt to carve out from those nearly three-year-old zombie motions the still-live points.  New motions are a far better vehicle

---

[11] *Id.*

[12] *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179).

[13] ECF No. 232 at 24.

[14] *Id.*

for framing what's left.  So I give each of the defendants until March 14, 2025, to file a motion for summary judgment to address only the "alternative grounds" for granting summary judgment that the panel referenced in its opinion.[15]  Briefing on those motions will then proceed in accordance with Local Rule 7-2.

IT IS THEREFORE ORDERED that **the motion to seal [ECF No. 237] is GRANTED**; the Clerk of Court is directed to **MAINTAIN THE SEAL on ECF Nos. 238, 238-1, and 238-2.**

IT IS FURTHER ORDERED that the motion for a scheduling order and to expedite trial **[ECF Nos. 238, 239] is GRANTED in part and DENIED in part: a trial setting is premature, and each defendant has until March 14, 2025, to file a motion for summary judgment addressing only the alternative grounds that the Ninth Circuit panel referenced in its opinion.**  The parties are cautioned that this is not an opportunity to relitigate any issue decided by the Ninth Circuit panel.  If genuine issues of fact remain for trial after the new summary-judgment motions are decided, I will set the trial as expeditiously as possible.

_____
U.S. District Judge Jennifer A. Dorsey
January 29, 2025

---

[15] *See id.*