CARLETON R. BURCH, ESQ.
Nevada Bar No. 10527
VINCENT JAMES JOHN ROMEO, ESQ.
Nevada Bar No. 9670
KENNETH D. WATNICK, ESQ.
(admitted *pro hac vice*)
ANDERSON, McPHARLIN & CONNERS LLP
601 S. Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 479-1010
Facsimile: (702) 479-1025
crb@amclaw.com
vjjr@amclaw.com
kdw@amclaw.com

KEITH MOSKOWITZ, ESQ.
(admitted *pro hac vice*)
TIMOTHY STORINO, ESQ.
(admitted *pro hac vice*)
LEANNA ANDERSON, ESQ.
(admitted *pro hac vice*)
LEANDRA LOPEZ, ESQ.
(admitted *pro hac vice*)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Telephone: 305-390-4624
keith.moskowitz@dentons.com
timothy.storino@dentons.com
leanna.anderson@dentons.com
leandra.lopez@dentons.com

*Attorneys for Defendant Illinois National Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EB HOLDINGS II, INC. and QXH II, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS NATIONAL INSURANCE COMPANY, ET AL., <br><br> Defendants. | Case No. 2:20-cv-02248-JAD-NJK <br><br> **ILLINOIS NATIONAL INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY TO ILLINOIS NATIONAL'S RENEWED MOTION FOR SUMMARY JUDGMENT** |

Defendant Illinois National Insurance Company ("Illinois National") responds in opposition to Plaintiffs' motion for leave to file a surreply to Illinois National's renewed motion for summary judgment (ECF No. 307), and states:

**ARGUMENT**

Illinois National did not raise a "new" argument when it argued that the Texas "eight corners" rule precludes reliance on extrinsic evidence, including the BOATS Memorandum. Plaintiffs themselves raised the Texas eight corners rule and Illinois National was merely replying to Plaintiffs' argument. Accordingly, Plaintiffs are not entitled to a surreply, which is highly

disfavored and only allowed under exceptional circumstances not present here. Plaintiffs' request is an impermissible attempt to have the last word and another opportunity to correct Plaintiffs' own strategic errors. The Court should not allow it.

**I.  Surreplies Are Highly Disfavored and Only Allowed Under Exceptional or Extraordinary Circumstances.**

"Local Rule 7–2 authorizes the filing of a motion, opposition, and reply only." *Leslie v. Las Vegas Metro. Police Dep't*, No. 214CV01430JADVCF, 2015 WL 10504244, at *3 (D. Nev. Dec. 18, 2015) (Dorsey, J.); *Fuller v. Williams*, No. 214CV02163JADCWH, 2016 WL 1238227, at *3 (D. Nev. Mar. 28, 2016) (Dorsey, J.). "The Federal Rules of Civil Procedure do not expressly permit the filing of a surreply, and this district's local rules do not permit surreplies without first obtaining the court's leave." *Crawley v. Wolden*, No. 219CV02179CDSBNW, 2023 WL 349471, at *1 (D. Nev. Jan. 20, 2023) (granting motion to strike surreply). Local Rule 7–2(b) provides that "motions for leave to file a surreply are discouraged." LR 7-2(b). Indeed, "sur-replies are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *DEQ Sys. Corp. v. Flexedge Gaming, LLC*, No. 212CV00442MMDNJK, 2013 WL 12320931, at *1 (D. Nev. Mar. 21, 2013) (quotations omitted); *John Bordynuik Inc. v. JBI, Inc.*, No. 2:13-CV-01463-RFB, 2015 WL 153439, at *4 (D. Nev. Jan. 13, 2015) ("surreplies are highly disfavored").

"Because surreplies are discouraged, 'only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed.'" *Dahar v. Pennymac Loan Servs., LLC*, No. 2:23-CV-01020-CDS-MDC, 2024 WL 402732, at *5 (D. Nev. Feb. 1, 2024) (quoting *Stevens v. Prentice*, No. 217CV970JCMPAL, 2018 WL 3758577, at *1 (D. Nev. Aug. 8, 2018)). Courts in this District allow surreplies "only to address new matters raised in a reply to which a party would otherwise be unable to respond." *Steven Cohen Prods., Ltd. v. Lucky Star, Inc.*, No. 2:12-CV-01995-GMN, 2015 WL 3555384, at *3 (D. Nev. June 5, 2015). As discussed *infra* at Section II, Illinois National did not raise a new argument and, in fact, Plaintiffs already addressed the Texas eight corners rule in its summary judgment briefing and therefore do not require a surreply.

**II.  Plaintiffs Are Not Entitled to a Surreply Because Illinois National Did Not Raise New Arguments.**

**A. Illinois National did not introduce a new argument on reply.**

In support of Illinois National's renewed motion for summary judgment, Illinois National argued that Nevada law, and not Texas law, applies to interpretation of the Policy and that the Court should interpret the Policy's provisions based on the plain meaning of its terms. ECF No. 275 at 14-16. Illinois National was not obligated to affirmatively argue the Texas eight corners rule in its renewed motion. Instead, Illinois National properly relied on the text of the Policy provisions and the *allegations* of the GoldenTree Claim to support its interpretation of the exclusions. *Id.* at 20-24.

Contrary to Plaintiffs' misrepresentations in their instant motion, Plaintiffs – *not Illinois National* – argued the Texas eight corners rule allows consideration of the BOATS Memorandum in opposition to Illinois National's renewed motion:

> Rather than adduce any evidence of an "offering by . . . the Company," Defendants instead rely on the GoldenTree Group's allegations regarding Plaintiffs' supposed role in BOATS's offering. But unproven allegations are not enough to meet Defendants' evidentiary burden. Actual evidence is required. **Texas law expressly permits an insured to introduce and rely upon evidence—such as the Issue Memorandum, just discussed—in order to demonstrate that an exclusion doesn't apply.** *Monroe Guar. Ins. Co. v. BITCO Gen. Ins. Corp.*, 640 S.W.3d 195, 200 (Tex. 2022) (collecting Texas cases holding that "extrinsic evidence should be considered" when determining whether the insurer has a "duty to defend," if necessary to "fill" an "informational gap"); *Tucker v. Allstate Texas Lloyds Ins. Co.*, 180 S.W.3d 880, 885-86 (Tex. Ct. App. 2005) (considering extrinsic evidence in order to reverse trial court's grant of summary judgment to insurer). **Here, the Issue Memorandum was the one document Illinois National asked for during its investigation before denying coverage.** Pls' SUMF ¶ 27.

ECF No. 295 at 25-26 (emphases added). The two cases cited by Plaintiffs, *BITCO* and *Tucker*, concern the application of the eight corners rule. *See Monroe Guar. Ins. Co. v. BITCO Gen. Ins. Corp.*, 640 S.W.3d 195, 196 (Tex. 2022); *Tucker v. Allstate Texas Lloyds Ins. Co.*, 180 S.W.3d 880, 884 (Tex. App. 2005). Illinois National's reply brief, which argued that the Texas eight corners rule is not applicable here and does not allow consideration of the BOATS Memorandum or other extrinsic evidence, was therefore not a "new" argument. Accordingly, because the briefing establishes that Plaintiffs themselves chose to raise the Texas eight corners rule, Illinois National's

reply on that issue was to be anticipated. Thus, Plaintiffs are not entitled to a surreply.

### B. Plaintiffs chose not to brief the Texas "eight corners" rule in support of their renewed motion for summary judgment and are not permitted a surreply to correct their strategic error.

Plaintiffs chose not to brief the Texas eight corners rule in their renewed motion for summary judgment. ECF No. 280. Plaintiffs made this strategic decision, although they recognized the need to justify their reliance on extrinsic evidence, as they instead chose to cite Texas duty to defend cases concerning the consideration of parol evidence. *See id.* at 14. In response, Illinois National opposed Plaintiffs' motion with a Texas case addressing the eight corners rule, *Nautilus Ins. Co. v. Nicky & Claire's Day Care, Inc.*, 630 F. Supp. 2d 727, 734 (W.D. Tex. 2009), to support its argument that Plaintiffs failed to satisfy their burden of proof that the Policy or any of its terms are ambiguous and thus provided no justification for the admission of extrinsic evidence. ECF No. 288 at 5. Illinois National unequivocally stated: "Accordingly, this Court should rely on the Policy's plain language and decline to consider the extrinsic evidence relied upon by Plaintiffs." *Id.* Thus, it is indisputable that Plaintiffs were on notice that Illinois National was arguing that the Court should not consider the BOATS Memorandum. *See Stevens v. Prentice*, No. 217CV970JCMPAL, 2018 WL 3758577, at *3 (D. Nev. Aug. 8, 2018) (denying leave to file surreply). And, not surprisingly, Plaintiffs' reply brief specifically addressed whether the BOATS Memorandum could be considered as extrinsic evidence under Texas law and cited *BITCO*, a Texas case addressing the eight corners rule. ECF 297 at 19-20. Accordingly, there is no basis to allow Plaintiffs a surreply based on any briefing related to Plaintiffs' renewed motion for summary judgment.

### CONCLUSION

For all of the foregoing reasons, Illinois National respectfully requests that the Court deny Plaintiffs' motion requesting a surreply to Illinois National's renewed motion for summary judgment.

DATED: May 27, 2025

                                                */s/ Leanna Anderson*

| | | |
|---|---|---|
| 1 | CARLETON R. BURCH, ESQ.<br>Nevada Bar No. 10527 | KEITH MOSKOWITZ, ESQ.<br>(admitted *pro hac vice*) |
| 2 | VINCENT JAMES JOHN ROMEO, ESQ.<br>Nevada Bar No. 9670 | TIMOTHY STORINO, ESQ.<br>(admitted *pro hac vice*) |
| 3 | KENNETH D. WATNICK, ESQ.<br>(admitted *pro hac vice*) | LEANNA ANDERSON, ESQ.<br>(admitted *pro hac vice*) |
| 4 | ANDERSON, McPHARLIN & CONNERS LLP<br>601 S. Seventh Street | LEANDRA LOPEZ, ESQ.<br>(admitted *pro hac vice*) |
| 5 | Las Vegas, Nevada 89101<br>Telephone: (702) 479-1010 | DENTONS US LLP<br>233 South Wacker Drive, Suite 5900 |
| 6 | Facsimile: (702) 479-1025<br>crb@amclaw.com | Chicago, IL 60606-6361<br>Telephone: 305-390-4624 |
| 7 | vjjr@amclaw.com<br>kdw@amclaw.com | keith.moskowitz@dentons.com<br>timothy.storino@dentons.com |
| 8 | | leanna.anderson@dentons.com<br>leandra.lopez@dentons.com |
| 9 | *Attorneys for Defendant Illinois National Insurance Company* | |
| 10 | | *Attorneys for Defendant Illinois National Insurance Company* |