**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EB Holdings II, Inc., et al.,
Plaintiff(s),

v.

Illinois National Insurance Company, et al.,
Defendant(s).

Case No. 2:20-cv-02248-JAD-NJK

**Order**

[Docket No. 337, 338]

Pending before the Court is a stipulation to substitute Illinois National's expert witness. Docket No. 337. Also pending before the Court is a stipulation to reset the settlement conference. Docket No. 338. For the reasons discussed below, both stipulations are **DENIED** without prejudice.

## I. STIPULATION TO SUBSTITUTE

The stipulation to substitute expert arises out of the death of Illinois National's expert in January 2026. Docket No. 337 at 1. The death of an expert generally warrants a substitution, *e.g.*, *Fernandez-Gonzalez v. Valdes-Garcia*, 2023 WL 8622360, at *3 (D. Nev. Dec. 13, 2023), but the stipulation presents a problematic timeline. First, no explanation is provided as to why the parties waited nearly six months from the prior expert's death (and more than three months after the meet and confer) to seek this relief. Second, no explanation is provided as to why Illinois National needs another two months to disclose an expert, particularly given its longstanding notice of this issue. Third, given that any new expert must be substantially similar in qualifications and opinion, no explanation is provided as to why this substitution process would need to drag out through the end of the year. Accordingly, this request will be denied without prejudice.

## II. STIPULATION TO RESET SETTLEMENT CONFERENCE

The stipulation to reset the settlement conference seeks a new date in the relative short-term, with the proposed dates all arising before the deadlines the parties propose to address the expert substitution addressed above. Docket No. 338 at 2. "Given potential recusal issues that arise from *ex parte* discussions about the case, the undersigned generally avoids to the extent possible holding a settlement conference when discovery remains ongoing." *PlayUp, Inc. v. Mintas*, 2025 WL 315118, at *2 n.3 (D. Nev. Jan. 27, 2025). This is an old case and the Court is interested in moving it forward expeditiously, *see* Fed. R. Civ. P. 1, but it is not clear that it is prudent to hold a settlement conference at this juncture given that the parties anticipate potential expert-related motion practice in the coming months.

## III. CONCLUSION

For the reasons discussed above, both of the pending stipulations are **DENIED** without prejudice. A renewed stipulation addressing the timing issues highlighted above must be filed by July 23, 2026.[1]

IT IS SO ORDERED.

Dated: July 15, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] This request may be presented as a single stipulation given the overlap of issues addressed herein, rather than filing separate stipulations.